## M'Donald *against* Adams.

In an action of ejectment where a plaintiff has shown a regular chain of title to himself except one deed, it is competent for him to prove that such deed could not be found, and then give in evidence accounts, papers and documents tending to show that the grantee had paid the purchase money, and thereby establish an equitable title in him.

A deposition taken upon a notice not signed by any one, but regularly served upon the opposite party, cannot be read in evidence.

ERROR to the Common Pleas of *Union* county.

This was an action of ejectment by the heirs of Alexander M'Donald deceased, against James Adams, for a tract of land. The plaintiffs gave in evidence a regular chain of title from the Commonwealth, down to a deed of the 6th June 1795, of James Hall and wife to Francis West, John West and William Wilson; and then, in order to establish a title from them to James West, the plaintiffs offered the following papers: "An account-current, partly in the handwriting of Francis West, and partly in that of James West, between Francis and John West and James West, in which is contained this item: 1799, December 31, To amount of cost of land in Northumberland Co., assigned to him on the 8th March last, $10,173.33." Also another paper : "Lands purchased in company with Francis and John West and William Wilson 1795, May 6. To my draft on Francis and John West in favour of Dr James Hall, for $2040, being the consideration of 255 acres of land, at $8 per acre." Endorsed in the handwriting of Francis West, as follows: " July 10, '94, William Wilson and F. and J. West's receipt, $8000, assigned to James West 8th March 1799." Also, a letter from William Wilson to Nathan Williams, dated in 1811, in which he says, " he had but a small interest in the land, and that he had sold to F. and J. West." Also, a "letter from Francis West to Alexander M'Donald, dated 30th April 1810 ;" and a deed from James West to Humphrey Peirce and Alexander M'Donald, dated 14th November 1805. A witness was sworn who testified that he had made diligent search to find a deed from Francis and John West to James West, but none such could be found.

The court below rejected the evidence on the ground that the plaintiff did not offer to follow it with proof that any possession was ever taken by James West, in pursuance of his alleged purchase. The plaintiff excepted.

The plaintiff then offered in evidence the deposition of Charles P. Heath, taken upon a notice which was perfectly regular in

form, and in all particulars, but that it was not signed by the plaintiffs or their attorney. The court rejected the deposition, and sealed an exception, at the instance of the plaintiff.

*Greenough*, for plaintiff in error. The evidence was to show an acknowledgment by Francis and John West, that James West paid them the purchase money, and thereby entitled himself to a deed : whether one ever existed was not known. The name of the party to a notice is but matter of form; the rules of court do not require it; and if the paper communicates to the opposite party all that is necessary to give him an opportunity to be present when the deposition is taken, he has nothing to complain of.

*Miller* and *Jordan*, contra. There is nothing in the papers offered which shows any connection between the payment of the money and the land in dispute : it may have been any other tract of land. Cited, 1 *Wash. C. C.* 397 ; 1 *Johns. Chan.* 524.

The opinion of the Court was delivered by

Sergeant, J.—The plaintiffs claim under a deed to Peirce & M'Donald from James West, made in November 1805, alleging a title to the land in dispute in James West. The rule is, that a deed is not evidence till some title, or shadow of title, is shown in the grantor ; but it is not necessary for a party, in the first instance, to go further than that. Whether, on the whole, the plaintiff has made out a good and sufficient title, in every link of the chain, or all taken together, is a question depending on the effect of the evidence when given, and arises subsequently. The plaintiffs allege that the letter and accounts offered tend to establish an equitable title in James West, derived from Francis and John West and William Wilson, to whom they had traced the title by the deed of 6th June 1795, from James Hall and wife : and we think the evidence should go to the jury to show this. The letter of Wilson is his acknowledgment in writing, in 1811, that the small concern he had in the land had been purchased by Francis and John West, and that he had engaged to make them a deed and release his right. Then as to Francis and John West, who thus seem to have become entitled to the whole, the accounts in the handwriting of Francis and James West, or one of them, tend to show a sale of this land to James West, and his payment of the consideration money therefor. We do not say that this is conclusively proved, because the items offered are, in themselves, somewhat obscure and doubtful, and the equity alleged to exist may be disproved by these documents themselves, or by different circumstances : but that is matter for determination by the court and jury after the evidence is received. Being, however, in writing, if they tend to prove the payment for the land by James, and the acknowledgment of Francis and James that it belonged to or had been transferred to

him (James), it would establish an equitable title in him, at least *primâ facie*, and as against a defendant who shows no title, but is to be considered, for the present, as a mere trespasser, even though actual possession of the land were not taken by James West. For that doctrine of the necessity of taking possession would seem to be applicable to cases of parol contracts or bargains, which go upon the ground of part performance, and not to the case of a written evidence of the bargain. And a mere trespasser stands in a different light from F. and J. West, or one claiming under them, since they may have acquiesced in the title as it stood, and waived all objections to it, knowing it to be valid in equity and justice; and if so, it is not competent to a mere intruder to step in and take advantage of objections which the party himself would never make. We are, therefore, of opinion, that the court below erred in rejecting the evidence offered.

As the other point, the deposition, was rightly rejected, the notice was essentially defective in not being authenticated by a signature.

Judgment reversed, and *venire facias de novo* awarded.